Dial *v.* Wood.

---

---

W. K. DIAL, in error, *v.* E. G. WOOD.

1. PERSONS UNDER DISABILITY. *Infant. Torts. Liability.* An infant is liable for his torts, and his property may be taken in execution to satisfy a fine and costs in a criminal prosecution.

2. SAME. *Liability to surety for fine and cost.* Where in such case the infant gives security for the fine and costs to prevent being held in custody, and his surety pays the same, and on motion takes judgment over against the minor, this judgment though arising out of a civil contract, is valid and binding upon the infant.

3. SAME. *Execution. Guardian. Garnishment.* Such judgment may be enforced in favor of the surety against the property of the infant by garnishment served upon the guardian.

Cases cited: Beasley v. State, 2 Yer., 491; Jones v. Ward, 10 Yer., 160.

---

FROM GIBSON.

---

Appeal from the Circuit Court. G. B. BLACK, Judge.

SPL. HILL for plaintiff.

JONES & ELDER for defendant.

Dial *v.* Wood.

McFARLAND, J., delivered the opinion of the court.

Henry Mobley was adjudged to pay a fine and costs upon a conviction for a misdemeanor. Wood became Mobley's surety and satisfied the judgment; and thereupon, in the same court, upon motion, took judgment over against Mobley for the amount so paid. Upon this judgment execution issued, and Dial was summoned to answer as garnishee. He appeared and answered, and upon his answer there was judgment against him in favor of Wood. Dial has appealed. His answer states that Mobley was a minor, and that he, Dial, was his guardian, and had in his hands funds sufficient to pay the judgment. Upon this, two questions are presented: 1st, Whether the judgment in favor of Wood against Mobley is valid; and 2d, If so, can the funds in the hands of Dial, the guardian, be reached by garnishment for its satisfaction?

An infant is liable for its torts, and his property may be taken in execution to satisfy a fine and costs in a criminal prosecution. *Beasly* v. *The State,* 2 Yer., 491. The infant's property in this instance was liable to execution for the satisfaction of the fine and costs against him. The judgment in favor of Woods was, however, a civil proceeding and founded upon the contract of Mobley by which Wood became his surety, and, in general, an infant is not bound by his contracts. This, however, we think is an exception. The rule is, that if an infant does what by law he is bound to do, the act is binding; as, where an infant being the father of a bastard child is required to give surety,

Dial *v.* Wood.

his infancy is no defense to either him or his sureties on the bond. Tyler on In., 7, and Cir., p. 139, and authority cited. So he is liable to an action or his recognizance to appear and answer a criminal case. Same authority, p. 175. So, in this case he was adjudged to pay a fine and costs and ordered to give sureties for the same or be held in custody. We think the contract of suretyship was binding upon him, not only in favor of the State, but also in favor of the surety.

The case of *Jones* v. *Ward*, 10 Yer., 160, is not in point. That case only holds that an executor or guardian is not authorized to · pay the improvident contracts of a minor in order to save his reputation. We hold the judgment in favor of Wood, which as we have seen might have been satisfied out of the infant's property, valid, and that he may have satisfaction out of the infant's property, as he has the judgment in favor of the State. We do not see any good reason why the remedy by garnishment against the guardian should not be allowed. It has been allowed against executors. It is simple and less expensive than a resort to a chancery court, which would involve an expense equal to the amount involved, if, indeed, a chancery court would take jurisdiction, the amount involved being less than fifty dollars.

The judgment will be affirmed with costs.